IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| DAQUIRI MOSS | § | |
| v. | § | CIVIL ACTION NO. 5:22cv18 |
| JEFF NEAL, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Daquiri Moss, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights during his confinement in the Bowie County Correctional Center. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Plaintiff complains that he was housed in an unsafe environment which exposed him to harmful physical conditions such as black mold. He also asserts that: prisoners suffering from Covid-19 were housed next to him when he was not infected; clothing and bedding were not properly washed or distributed correctly; officers were not being properly decontaminated; and, he slipped and fell because of water leaks on the floor, with no "wet floor" signs being placed. He also contended that he was "treated like a slave."

On March 28, 2022, the Court ordered Plaintiff to file an amended complaint setting out a short and plain statement of his claim, in conformity with *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016). By separate order that same date, the Court directed Plaintiff to pay an initial partial filing fee of $5.00, pursuant to 28 U.S.C. §1915(b). Plaintiff received copies of these orders on March 31, 2022, but to date has not complied, nor has he responded in any way.

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). Such a dismissal may be done *sua sponte* and appellate review is confined to whether the district court abused its discretion in dismissing the action. *Id.*, *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

Plaintiff's failure to pay the initial partial filing fee and to file an amended complaint are not actions which threaten the judicial process, rendering dismissal with prejudice unwarranted. *See McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) The imposition of fines and costs is not appropriate given the status and nature of this case. The incidents complained of appear to be on-going as of the time of the filing of the lawsuit, giving Plaintiff adequate time in which to re-file his lawsuit, should he choose to do so, within the two-year limitations period. Upon consideration of all relevant factors, the Court has determined the interests of justice are best served by a dismissal of this lawsuit without prejudice.

## RECOMMENDATION

It is accordingly recommended the above-styled civil rights lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 9th day of August, 2022.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE